UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BRICKLAYERS AND MASONS LOCAL
UNION NO. 5 OHIO PENSION FUND,

          Plaintiff,

-v-                                No. 10 Civ. 7498 (LTS)(JCF)

TRANSOCEAN LTD. et al.,

          Defendants.
-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff DeKalb County Pension Fund ("DeKalb") brings this putative class action asserting claims for violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(e), against Transocean Ltd. ("Transocean"), alleging that a joint proxy statement ("Proxy") – distributed to GlobalSantaFe Corp. shareholders on October 2, 2007, in connection with a merger ("Merger") between offshore oil contractors GSF and Transocean – contained false and misleading statements.[1] Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Second Amended Complaint ("SAC"). For the following reasons, the motion is denied.

        Defendants argue that Plaintiff lacks standing to sue under section 14(a) of the Exchange Act. It is well established that "only shareholders who were entitled to vote on a transaction have standing under section 14(a) to challenge the proxy materials issued by a

---

[1]     Plaintiff's allegations are laid out fully in <u>Bricklayers & Masons Local Union No. 5 Ohio Pension Fund v. Transocean Ltd.</u> ("Bricklayers"), No. 10 Civ. 7498(LTS), 2012 WL 1080366, --- F. Supp. 2d --- (S.D.N.Y. Mar. 30, 2012). The Court assumes the parties' familiarity with that decision.

corporation regarding that transaction." Bricklayers, 2012 WL 1080366, at *9 (quoting DCML LLC v. Dana Bus. Sys. PLC, No. 08 Civ. 5829(SAS), 2008 WL 5069528, at *2 (S.D.N.Y. Nov. 26, 2008)). The Proxy stated that only "holders of record" as of October 1, 2007, and not individuals who hold shares in "street name," would be able to vote on the Merger. Defendants contend that Plaintiff has failed to adduce competent evidence showing that it was a holder of record as of October 1, 2007, or otherwise entitled to vote on the Merger.

Under Fed. R. Civ. P 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [may not] draw inferences from the complaint favorable to plaintiffs." J.S. v. Attica Central Schools, 386 F.3d 107, 110 (2d Cir. 2004). The plaintiff has the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists. Makarova, 201 F.3d at 113. In deciding a 12(b)(1) motion, the court may consider materials beyond the pleadings. J.S., 386 F.3d at 110. Evidence relied upon outside the pleadings must be "competent." See, e.g., Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) (looking to Fed. R. Civ. P. 56 to provide guidelines on considering evidence outside of the pleadings when a court is faced with a Rule 12(b)(1) motion to dismiss).

Plaintiff has proffered a sworn declaration by Edmund J. Wall, a representative for the DeKalb County Pension Fund, who states that DeKalb "was entitled to and did vote in the merger with Transocean." (Certification, docket entry no. 27-1.) While the averment that DeKalb "was entitled to vote" on the Merger is a conclusory legal assertion, the averment that DeKalb did, in fact, vote on the Merger is a representation of fact from which the Court can infer

an entitlement.  The Court thus finds that Plaintiff has met its burden of demonstrating by a preponderance of evidence that it has standing.

Accordingly, Defendants' motion to dismiss the complaint is denied.  This resolves docket entry no. 65.

An Initial Pre-Trial Conference is scheduled for October 10, 2012 at 1:30 p.m.

SO ORDERED.

Dated: New York, New York
       October 4, 2012

                                                        _____
                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge