UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                      :

DEKALB COUNTY PENSION FUND,         :
                           Plaintiff,    :

                                        :               10 Civ. 07498 (LGS)

            -against-                   :

                                        :              <u>OPINION AND ORDER</u>

TRANSOCEAN LTD., *et al.*,            :
                        Defendants.   :
                                        :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/11/14

LORNA G. SCHOFIELD, District Judge:

        Before the Court is Defendants' Motion Pursuant to FRCP 12(b)(6) to Dismiss Second

Amended Class Action Complaint Based on Time Bar of Statute of Repose.  For the reasons

stated below, Defendants' motion is granted.

## BACKGROUND

        On September 30, 2010, the Bricklayers and Masons Local Union No. 5 Ohio Pension

Fund ("Bricklayers") commenced this action against Defendants.  The claims concern an

allegedly false and misleading proxy statement that was distributed to shareholders of

GlobalSantaFe Corp. ("GSF") on October 2, 2007, in connection with a proposed merger

between GSF and Transocean Inc.  The proxy statement allegedly contained false representations

and material omissions regarding Transocean's compliance with environmental laws, which

came to light after Transocean's Deepwater Horizon drilling rig exploded on April 20, 2010.

The explosion and the subsequent oil spill caused a sharp decline in Transocean's share price

and, according to the Complaint, "the worst environmental disaster in American history."

        On December 3, 2010, Plaintiff Dekalb County Pension Fund ("Dekalb") made its first

appearance in the action by filing a motion to be appointed Lead Plaintiff.  On January 7, 2011,

the Court appointed the Dekalb-Bricklayers Group as Lead Plaintiff, and on April 7, 2011, they

filed an amended class action complaint.  On March 30, 2012, the Court dismissed Bricklayers

for lack of standing, leaving Dekalb the sole named Plaintiff in the action.  *Bricklayers &*

*Masons Local Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223

(S.D.N.Y. 2012) ("*Transocean I*") (Swain, J.).  Plaintiff filed the currently operative Second

Amended Class Action Complaint on April 16, 2012, alleging two violations of the Securities

Exchange Act of 1934 (the "Exchange Act") – one for false statements in a proxy statement

under § 14(a), 15 U.S.C. § 78n(a), and the other for control person liability under § 20(a), 15

U.S.C. § 78t(a).

On February 15, 2013, the Court granted Defendants' motion to stay this action pending a

Second Circuit decision on whether the tolling doctrine articulated by the Supreme Court in

*American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), applies to statutes of repose.

In their motion to stay, Defendants argued that Plaintiff's § 14(a) claim is subject to a three-year

statute of repose that had expired by the time Plaintiff made its first appearance in this action,

and that the claim therefore is time barred unless the Second Circuit were to hold that the filing

of a putative class action tolls the statute of repose for putative class members, as it tolls statutes

of limitations under *American Pipe.*  In granting the stay, Judge Swain observed that "both sides

agree [that the statute of repose] ran on October 2, 2010," three years after the issuance of the

proxy statement at issue.  She further noted:

> Were the Second Circuit to adopt [the] position that an action is not considered
> "commenced" for *American Pipe* tolling purposes until it is brought by a party
> with standing, Plaintiff's claims would be subject to dismissal as a matter of law
> because no party with standing filed a complaint in this action until after the
> statute of repose had run.

(Dkt. No. 103, at 3-4).

On June 27, 2013, the Second Circuit held in *Police & Fire Retirement System of Detroit*

*v. IndyMac MBS Inc.* that *American Pipe* tolling does not apply to statutes of repose.  721 F.3d

95, 109 (2d Cir. 2013).  Thereafter, Defendants moved pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure to dismiss Plaintiff's claims as time barred by § 14(a)'s three-year

statute of repose.

**DISCUSSION**

**I.      Section 14(a)**

      In this case the statute of limitations is not at issue as the parties agree that Plaintiff

brought its § 14(a) claim within one year after discovery of the facts giving rise to the claim, as

required.  Whether the claim is timely under the applicable statute of repose is very much

disputed, and requires the resolution of two issues – how long the statute of repose is for a §

14(a) claim, and when that period begins to run.  Relying on binding Second Circuit precedent,

the Court concludes that the statute of repose is three years and runs from the date of

Defendants' alleged violation.  Consequently, Plaintiff was required to file its § 14(a) claim

within three years of the date the allegedly misleading proxy statement was issued, or October 2,

2007.  Plaintiff first appeared in this action on December 3, 2010, was appointed a Lead Plaintiff

on January 7, 2011, and was first named a party in a pleading on April 7, 2011.  Even the earliest

of these three dates is after October 2, 2010, the deadline for commencement of the action under

the three-year statute of repose.  Therefore, Plaintiff's claim is untimely.

      **A.      Duration of The Statutory Period Under The Statute of Repose**

      A claim under § 14(a) of the Exchange Act is an implied private right of action created

by the courts, rather than an express right of action created by Congress.  *Ceres Partners v. GEL*

*Associates*, 918 F.2d 349, 352 (2d Cir. 1990).  Accordingly, the statute of limitations and any

statute of repose limiting § 14(a) claims also must be implied.  *See id.*

      The Second Circuit in *Ceres* held that one-year / three-year limitations and repose periods

apply to claims arising under §§ 10(b) and 14 of the Exchange Act.  *Id.* at 364.  The court

observed that "ordinarily the same period of limitations governs actions under § 10(b) and § 14"

of the Exchange Act, and throughout its discussion treated the two provisions as analytically

identical for purposes of borrowing limitations periods.  *Id.* at 353, 361-64.  Citing the need for

national uniformity as well as other considerations, the court rejected the traditional practice of

applying the forum state's limitations period and instead looked to the one-year / three-year rule

found in various provisions of the Securities Act of 1933 ("Securities Act") and the Exchange

Act, including §§ 9(f) and 18(c) of the Exchange Act, 15 U.S.C. §§ 78i(f), 78r(c).  *Id.* at 361.

The court concluded:

> [S]ince Congress has provided in §§ 9(e) [now 9(f)] and 18(a) express rights of
> action that so substantially overlap the rights of action implied under §§ 10(b) and
> 14, and has provided a limitations period with respect to those express rights, the
> specified period provides a far more appropriate analogy than do state statutes
> devoted to different types of claims.

*Id*. at 362.

Plaintiff argues that, if the provision from which to borrow limiting periods is § 9(f),

those periods have been modified by the Sarbanes-Oxley Act of 2002 ("SOX") so that the statute

of repose is five years and not three years.  Section 804 of SOX amended 28 U.S.C. § 1658,

which now provides in relevant part:

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or
> contrivance in contravention of a regulatory requirement concerning the securities
> laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15
> U.S.C. 78c(a)(47)), may be brought not later than the earlier of – (1) 2 years after
> the discovery of the facts constituting the violation; or (2) 5 years after such
> violation.

28 U.S.C. § 1658(b).

Plaintiff's argument is incorrect.  Because a § 14 claim need not involve "fraud, deceit,

manipulation, or contrivance," the extended limitations and repose periods of § 1658(b) do not

apply.  Even after 2002, district courts in this Circuit have continued to hold that the one-year /

three-year limitations and repose periods govern § 14(a) claims. *See, e.g.*, *Take-Two Interactive Software, Inc. v. Brant*, No. 06 Civ. 5279, 2010 WL 1257351, at *5 (S.D.N.Y. Mar. 31, 2010); *Stoll v. Ardizzone*, No. 07 Civ. 608, 2007 WL 2982250, at *2 (S.D.N.Y. Oct. 9, 2007); *In re Global Crossing Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 196, 198 (S.D.N.Y. 2003) (Lynch, J.).

As the Court previously held in this action, "[a] plaintiff may state a Section 14(a) claim by pleading negligence." *Transocean I*, 866 F. Supp. 2d at 239 (Swain, J.) (citing *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988)). Plaintiff argues that because its particular § 14(a) claim involves fraud, its claim warrants the application of the five-year statute of repose available under § 1658(b). The majority of courts that have addressed this question have rejected Plaintiff's position. *See, e.g.*, *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 198 (3d Cir. 2007) (holding that to allow plaintiffs to effectively "select the length of the limitations periods that will apply to a claim merely by sounding their § 14(a) claim in fraud[] would not promote the principal reason for having time-bars: certainty for defendants"); *Rudolph v. UTStarcom*, 560 F. Supp. 2d 880, 892 (N.D. Cal. 2008) (rejecting the plaintiff's argument that "even if § 1658(b) does not apply generally to § 14(a) claims, it might apply to particular § 14(a) claims that sound in fraud"); *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1212 (N.D. Cal. 2007) (rejecting the plaintiffs' argument that "where . . . a § 14(a) claim is brought on the basis of fraud, the statute of limitations in 28 U.S.C. § 1658 supplements the one-year-after-discovery or three-years-after-occurrence statute of limitations that would otherwise apply to a § 14(a) claim"); *see also In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 417 (S.D.N.Y. 2005) ("[T]he adoption of the Plaintiffs' position – that a longer limitations period should be applied when a complaint's Section 11 or 12(a)(2) claims 'sound in fraud,' but that a shorter period is applicable where the claims only raise allegations of negligence – creates uncertainty in an area of the law the purpose of which is expressly to provide certainty for defendants as to when their

exposure to liability ends."); *Virginia M. Damon Trust v. N. Country Fin. Corp.*, 325 F. Supp. 2d 817, 823-24 (W.D. Mich. 2004) (rejecting the plaintiff's argument that its § 14(a) claims involve "manipulation" within the meaning of § 1658(b)).  *But see Bensinger v. Denbury Res. Inc.*, No. 10 Civ. 1917, 2013 WL 3353975, at *2 n.9 (E.D.N.Y. July 3, 2013); *Engel v. Sexton*, No. 06 Civ. 10447, 2009 WL 361108, at *15 (E.D. La. Feb. 11, 2009); *Brown v. Brewer*, No. 06 Civ. 3731, 2008 WL 6170885, at *1 (C.D. Cal. July 14, 2008).

A "principal benefit[] of a statute of repose [is] to provide an easily ascertainable and certain date for the quieting of litigation . . . ."  *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 104 (2d Cir. 2004).  Allowing the limitations and repose periods for § 14 claims to vary based on what the plaintiff chooses to plead in each case would defeat that purpose.  *In re Exxon Mobil*, 500 F.3d at 198; *In re Alstom SA*, 406 F. Supp. 2d at 417.  Moreover, as the court in *In re Alstom SA* observed, pleading fraud in the complaint does not require the plaintiff to prove fraud when the elements of the claim do not require it.  *Id.*  If Plaintiff's position were adopted, plaintiffs bringing securities claims in which fraud is not an element – not only § 14 but also § 18 of the Exchange Act and §§ 11, 12 and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, 77o, which are all non-fraud-based provisions governed by one- and three-year periods – would be effectively free to select the five-year limitations period by alleging fraud, provided they can meet the pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure.  It is difficult to imagine that § 1658(b) was intended to confer on plaintiffs such flexibility.

Thus, the statute of repose applicable to Plaintiff's § 14(a) claim is three years, as dictated by *Ceres*.

### B.    When The Statute of Repose Begins to Run

To determine whether Plaintiff's § 14(a) claim is timely under the three-year statute of repose, it is necessary to determine when that period began.  Based on the Second Circuit's

decision in *Ceres* and the cases that succeeded it, the three-year period began to run when the proxy statement was issued.  Since Plaintiff appeared in this action and filed a complaint more than three years after the proxy statement was issued, the § 14(a) claim is time barred by the statute of repose.

In adopting the one-year / three-year rule for limiting claims under both §§ 10(b) and 14, the Second Circuit in *Ceres* did not explicitly say when the periods begin to run.  However, in the wake of *Ceres*, the Second Circuit consistently and without controversy has cited the decision for the proposition that the implied rights of action under the Exchange Act are governed by a three-year statute of repose that runs from the date of the violation.  *See, e.g.*, *Block v. First Blood Assocs.*, 988 F.2d 344, 346 (2d Cir. 1993) (characterizing *Ceres* as "holding that section 10(b) claims must be brought within one year of discovery of the fraud but no more than three years after the fraud occurred"); *Henley v. Slone*, 961 F.2d 23, 24 (2d Cir. 1992) ("[In] *Ceres* . . . we announced a uniform limitations period of the earlier of one year from the date the fraud was or reasonably should have been discovered or three years from the date of the transaction.").

A year after the *Ceres* decision, the Supreme Court likewise adopted the one-year / three-year rule as a uniform federal statute of limitations and repose for § 10(b) actions.  *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991).  In *Lampf*, the Supreme Court found that § 9 of the Exchange Act, prohibiting the willful manipulation of prices of securities, and § 18 of the Exchange Act, prohibiting misleading filings, provide the closest analogues to the proscription against fraud in the purchase and sale of securities targeted by § 10(b).  Consequently, the Court held that claims brought pursuant to § 10(b) and Rule 10b-5 are subject to the same one-year / three-year rule found in §§ 9 and 18.  *Id.*  Critical to the issue here is the Court's observation that "the various 1-and-3-year periods contained in the 1934

[Exchange] and 1933 [Securities] Acts differ slightly in terminology."  The Court said that"[t]o the extent that these distinctions in the future might prove significant, we select as the governing standard for an action under § 10(b) the language of § 9(e) [now Section 9(f)] of the 1934 Act," which provides that the statute of repose begins to run when "the violation" occurs.  *Id.* at 364 n.9.

Mindful of *Ceres*'s applicability to both §§ 14 and 10(b), *Ceres*, 918 F.2d at 353, *Lampf* further supports the conclusion that for § 14 claims the statute of repose begins to run at the time of the violation.  Although SOX has superseded *Ceres* and *Lampf* with respect to the limitations periods of fraud-based rights of action such as § 10(b), as discussed above, SOX does not change the *Ceres* holding as it applies to § 14 claims.

Plaintiff contends that § 18 of the Exchange Act offers the best analogy to the § 14(a) claim asserted here.  Section 18, which prohibits false statements in SEC filings, provides a three-year statute of repose that begins to run upon the "accrual" of the plaintiff's claim and not at the time of the defendant's alleged violation.  15 U.S.C. § 78r(c).  Plaintiff argues that the claim here did not accrue until the Deepwater Horizon explosion brought the misrepresentations in the proxy statement to light.[1]  The § 18 analogy with respect to § 14 claims appears to be one that no court in this Circuit has entertained.  Plaintiff does not cite a case in any circuit in which a court applied the statute of repose in § 18 to a § 14(a) claim.  Courts in this district have consistently held that for § 14(a) claims, the statute of repose begins to run on the date the proxy statement was issued.  *Take-Two Interactive Software,* 2010 WL 1257351, at *5 ("[A]ny claim

---

[1] The enactment of SOX, which divides the rights of action under federal securities laws into fraud-based and non-fraud-based claims for purposes of limitations periods, 28 U.S.C. § 1658(b), raises questions about the assumption underlying both *Ceres* and *Lampf* that a uniform set of limitations and repose periods could be inferred from § 9 (fraud-based) and § 18 (non-fraud-based), and then applied uniformly to § 10(b) (fraud-based) and § 14 (non-fraud-based).  Nevertheless, *Ceres* and *Lampf* continue to be binding on this Court.

made pursuant to Section 14(a) must be brought within one year of the discovery of the violation and in no event more than three years from the issuance of the proxy statement at issue."); *Stoll*, 2007 WL 2982250, at *2 ("A claim pursuant to § 14(a) must be brought no later than three years after each proxy was issued – regardless of when a plaintiff actually discovers the harm suffered."); *In re Global Crossing*, 313 F. Supp. 2d at 196, 198 (holding that § 14(a) claims are time barred because all of the allegedly misleading proxy statements were issued more than three years before the lawsuit was filed); *see also, e.g.*, *Schmidt v. Skolas*, No. 12 Civ. 3265, 2013 WL 4051205, at *8 (E.D. Pa. Aug. 12, 2013); *City of Westland Police & Fire Ret. Sys. v. Sonic Solutions*, No. 07 Civ. 5111, 2009 WL 942182, at *10 (N.D. Cal. Apr. 6, 2009); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 875, 903 (N.D. Ohio 2008).

Because Plaintiff's argument would require a reconsideration of *Ceres*, which continues to be binding precedent in this Circuit on the question of § 14's limitations periods, and because Plaintiff's argument is contrary to the prevailing law, it is rejected.

Although it may seem harsh for a statute of repose to bar a claim shortly before, or even after the plaintiff discovers the claim, in contrast to statutes of limitations, "'a statute of repose may bar a claim *even before the plaintiff suffers injury*, leaving her without any remedy.'" *IndyMac*, 721 F.3d at 106 (emphasis in original) (quoting *Fed. Hous. Fin. Agency v. UBS Ams. Inc.*, 712 F.3d 136, 140 (2d Cir. 2013)).  Similarly, "a statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action."  *Stolz*, 355 F.3d at 102-03.

Applying the statute of repose as conceived by *Ceres* and its Second Circuit progeny, the statute of repose begins to run at the time of the violation, which, for a § 14 claim, is when the relevant proxy statement was issued.  Here, the three-year period ran on October 2, 2010, three

years after Defendants' issuance of the proxy statement.  Because Plaintiff did not even appear in this action until December 3, 2010, its § 14(a) claim must be dismissed as untimely.

      **C.**    **Section 20(a)**

Because "control person" liability under § 20 of the Exchange Act is "necessarily predicated on a primary violation of securities law," *Rombach v. Chang*, 355 F.3d 164, 177-78 (2d Cir. 2004), the dismissal of Plaintiff's § 14(a) claim necessarily means the dismissal of Plaintiff's § 20 claim as well.  *See also Dodds v. Cigna Securities, Inc.*, 12 F.3d 346, 350 n.2 (2d Cir. 1993) ("Because Section 20 merely creates a derivative liability for violations of other sections of the Act, claims under Section 20 are governed by the limitations periods for those other sections.").

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.  The Clerk of Court is directed to close this case.

Dated: March 11, 2013
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE